# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD SIMONSON, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 12-1193 |
| | ) Magistrate Judge Cynthia Reed Eddy |
| RUSSELL BROMAN; *ET AL.*, | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' Motions to Dismiss (ECF Nos. 16 & 19) be granted as this Court does not have subject matter jurisdiction over these claims.

### II. REPORT

On August 20, 2012, Plaintiff, Ronald Simonson, a prisoner currently confined at the Allegheny County Jail, commenced the present action against an Assistant District Attorney of Allegheny County, Russell Broman; the District Attorney of Allegheny County, Stephen A. Zappala Jr., and the Honorable Randall B. Todd. In this action, Plaintiff seeks a court order barring his re-trial on criminal charges presently pending in the Court of Common Pleas of Allegheny County. For the reasons set forth below, the pending Motions to Dismiss should be granted as this Court does not have subject matter jurisdiction over this action.

#### A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. In deciding this motion, the court must read the complaint in the

light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn, 373 U.S. 746, 753 n. 6 (1963).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp., 550 U.S. at 555. *See also* Ashcroft v. Iqbal, 556 U.S. 662 (U.S. 2009) (holding that, while the Complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a constitutional claim and must state a claim that is plausible on its face) (quoting Bell Atl. Corp and providing further guidance on the standard set forth therein).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. *Id*. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the *pro se* litigant's pleadings and "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir.2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247–48 (3d Cir.1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir.1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688).

### B. Plaintiff's Allegations and Relevant Facts of Public Record

Plaintiff asserts in his Complaint that on April 4, 2011 while he was on trial in front of the Honorable Randall B. Todd, he was granted a mistrial due to ADA Broman's prosecutorial misconduct. Following the mistrial, he filed a motion to bar a re-trial under the Double Jeopardy Clause. An evidentiary hearing was held on or about June 8, 2011 and at the conclusion of the hearing and upon reviewing briefs submitted by both sides, the trial court issued an Opinion allowing a re-trial. See Commonwealth v. Simonson, 2012 Pa. Dist & Cnty Dec. LEXIS 82 (2012). This decision was affirmed without a published opinion by the Pennsylvania Superior Court at 53 A.3d 937 (2012).

In this action, Plaintiff asserts in this action his rights as protected by the Double Jeopardy Clause of the 5th Amendment to the United States Constitution have been violated. He seeks immediate release from jail and an order from this Court barring retrial.

### C. Rooker-Feldman Doctrine

This Court lacks subject matter jurisdiction over Plaintiff's claims under the Rooker-Feldman Doctrine. This doctrine is predicated on the principles of comity and federalism and originated from two Supreme Court opinions, District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Specifically, the Rooker-Feldman doctrine holds that a United States District Court has no subject matter jurisdiction to review final judgments of a state court because only the Supreme Court has jurisdiction to review state judgments under 28 U.S.C. § 1257. Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416. *Accord* Parkview Assocs. P'ship v. City of Lebanon, 225 F.3d 321, 324 (3d Cir. 2000) ("The Rooker-Feldman doctrine is based on the statutory foundation of 28 U.S.C. § 1257 and the well-settled understanding that the Supreme Court of the United States, and not the lower federal courts, has jurisdiction to review a state court decision."). The Rooker-Feldman doctrine precludes a federal action if the relief requested in the federal action effectively would reverse the state decision or void its ruling. FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996). Moreover, the Rooker-Feldman doctrine applies to the decisions of lower state courts. In re General Motors Corp. Pick Up Truck Fuel Tank Prod's Liability Litigation, 134 F.3d 133, 143 (3d Cir. 1998).

In Exxon Mobil Corp. v. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005), the Supreme Court explained that the Rooker-Feldman Doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejections of those judgments." Thus, Rooker-Feldman applies when: 1) the federal plaintiff lost in state court; 2) the plaintiff

4

complains of injuries caused by the state-court judgments; 3) those judgments were rendered before the federal suit was filed; and 4) the plaintiff is inviting the district court to review and reject the state judgments. *Accord* Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

All four of those factors apply here. First, Plaintiff lost in state court when his motion barring re-trial based on Double Jeopardy was denied by the state courts. Second, Plaintiff complains of injuries caused by the state-court judgments. Three, the judgments of the state court were rendered before the federal suit was filed. Four, Plaintiff is inviting the district court to review and reject the state judgments. Plaintiff is essentially asking this Court to conduct a *de novo* review of the state court proceeding related to his Double Jeopardy claim. In order to grant relief on Plaintiff's claim, this court would be required to find that the state court judgment was invalid and/or entered in violation of law. Plaintiff cannot do this under the guise of a civil rights claim.

Because such a ruling would render the state court judgments ineffectual, this court does not have subject matter jurisdiction over plaintiff's claim under the Rooker-Feldman Doctrine. *See* Burgos v. McEwan, Civil Action No. 10-3766, 2011 WL 222498 (3d Cir. Jan. 25, 2011) (*sua sponte* dismissing complaint as clearly barred by the Rooker-Feldman doctrine); Van Tassel v. Lawrence County Domestic Relations Sections, 390 F. App'x 201, 203 (3d Cir. 2010) (affirming District Court's *sua sponte* dismissal of complaint under Rooker-Feldman); White v. Rabner, 349 F. App'x 681, 682 (3d Cir. 2009) (same); Burrows v. Beard, Civil No. 09-314, 2010 WL 608323 (W.D. Pa. Feb. 17, 2010) (dismissing complaint attacking suppression court judgment under Rooker-Feldman as legally frivolous in accordance with 28 U.S.C. § 1915(e)).

5

## III. CONCLUSION

Based on the discussion above, it is respectfully recommended that Defendants' Motions to Dismiss be granted and that the Complaint be dismissed without leave to amend.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(b) and (c), and the Local Rules for Magistrates, the parties are allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

March 1, 2013

/s/Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge


Ronald Simonson
134075 7D
Allegheny County Jail
950 2nd Avenue
Pittsburgh, PA 15219